UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMUNITY / LABOR REFINERY TRACKING COMMITTEE, </br>   Plaintiff, </br> v. </br> SUNOCO, INC. (R & M), </br>   Defendant. | ) </br> ) </br> ) </br> ) </br> ) Case No. 2:05-cv-01650-PBT </br> ) </br> ) </br> ) </br> ) </br> ) |

## **CONSENT JUDGMENT**

WHEREAS, the plaintiff, Community/Labor Refinery Tracking Committee ("CLRTC"), an association of persons whose members live in the area surrounding the Sunoco, Inc. (R&M) ("Sunoco") petroleum refinery facilities at Point Breeze and Girard Point, Philadelphia, Pennsylvania ("Facility"), filed a Complaint alleging that Sunoco violated the Clean Air Act, 42 U.S.C. § 7401, et seq., the Pennsylvania Air Pollution Control Act, 35 P.S. § 4001.1, et seq., and the Philadelphia Air Management Code, Title 3, and seeking declaratory relief, injunctive relief and penalties;

WHEREAS, Sunoco has corporate offices at 1735 Market Street, Suite LL, Philadelphia, Pennsylvania 19103, and Sunoco owns or operates the petroleum refinery facility at 3144 Passyunk Avenue (Point Breeze and Girard Point) in Philadelphia.

WHEREAS, CLRTC and Sunoco (collectively the "Parties") have submitted copies of the Complaints (of CLRTC), and the Consent Judgment to the USEPA Administrator and the Attorney General in conformance with the requirement of the citizen lawsuit provision of the Clean Air Act, 42 U.S.C. § 7604(c)(3).

WHEREAS, the Parties agree and the Court finds that this Consent Judgment has been negotiated by the Parties in good faith; that the implementation of this Consent Judgment will avoid prolonged and complicated litigation among the Parties; that this Consent Judgment

represents a settlement of defendant's liability for the violations alleged in the Complaint filed by CLRTC; that this Consent Judgment resolves Sunoco's liability to CLRTC up and until Entry of this Consent Judgment unless a truly major event (as defined below in Paragraph 20) occurs; and that this Consent Judgment is fair, reasonable and in the public interest;

WHEREAS, the Parties without the necessity of trial or adjudication of any issues of fact or law and without any admission of liability by the defendant, consent to Entry of this Consent Judgment resolving the claims of CLRTC.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties and the subject matter of this Consent Judgment pursuant to the Clean Air Act, 42 U.S.C. §§ 7604(a)(1)(A), 7413(b) and 28 U.S.C. §§ 1331 and 1355.

2. Venue in the U.S. District Court for the Eastern District of Pennsylvania is based on 42 U.S.C. §§ 7604(c)(1), 7413(b) and 28 U.S.C. § 1391.

3. The Complaint states claims for which relief may be granted if the allegations were proved.

4. Solely for the purpose of this Consent Judgment and the underlying Complaint, the Parties waive all objections and defenses that they may have to jurisdiction of the court or to venue in this District, and shall not challenge this Court's jurisdiction to enter and enforce this Consent Judgment.

## APPLICABILITY

5. This Consent Judgment shall apply to and be binding upon Sunoco and CLRTC, as well as Sunoco's officers, agents, successors, assigns, and all persons acting on its behalf and CLRTC's officers, agents, successors, assigns, and all persons acting on its behalf. Sunoco and CLRTC shall not raise as a defense the failure of their officers, directors, agents, servants, contractors, or employees to take action necessary to comply with the provisions hereof.

6. Sunoco shall be responsible for ensuring that its contractors and subcontractors perform the work contemplated here in accordance with this Consent Judgment. In any action or

proceeding to enforce this Consent Judgment, Sunoco shall not raise as a defense the failure by any of its agents, servants, contractors, subcontractors or employees to take actions necessary to comply with the Consent Judgment.

7. This Consent Judgment does not make CLRTC a third party beneficiary to the <u>United States v. Sunoco, Inc.</u> Consent Decree agreed to by Sunoco on May 24, 2005 and between Sunoco, the United States of America, the State of Pennsylvania, the City of Philadelphia, the State of Oklahoma, and the State of Ohio ("Consent Decree").

8. Sunoco shall condition any transfer, in whole or in part, of ownership of, operation of, or other interest (exclusive of any non-controlling, non-operational shareholder interest) in the Facility upon the execution by the transferee of a modification to this Consent Judgment, which makes the terms and conditions of the Consent Judgment applicable to the transferee of the Facility. In the event of such transfer, Sunoco shall notify CLRTC. By no earlier than 30 days after such notice, Sunoco may file a motion to modify the Consent Judgment with the Court to make the terms and conditions of the Consent Judgment applicable to the transferee, and absent such motion Sunoco shall continue to be bound by this Consent Judgment after transfer. Sunoco shall be released from the obligations and liabilities of this Consent Judgment unless CLRTC opposes the motion and the Court finds the transferee does not have the financial and technical ability to assume the obligations and liabilities under the Consent Judgment. The requirements of this Paragraph 8 shall not apply to transfers to Sunoco affiliates.

9. Other than liability for a breach of Paragraphs 12-14, 18, and 19, CLRTC assumes no liability by entering into this Consent Judgment.

## **AUTHORIZATION**

10. Each signatory of this Judgment on behalf of CLRTC or Sunoco certifies that he or she is fully authorized to enter into the terms and conditions of this Judgment and to execute and legally bind CLRTC or Sunoco, respectively to this Consent Judgment.

## **WORK TO BE PERFORMED BY THE PARTIES**

11. Within 15 days of Entry of this Consent Judgment, Sunoco will prepare checks for (a) fifty seven thousand dollars ($57,000) payable to the Mid-Atlantic Environmental Law Center ("MAELC") for its fees and expenses associated with representing CLRTC in this case, and (b) ninety thousand dollars ($90,000) payable to the fiscal sponsor of CLRTC, Clean Water Action ("Fiscal Sponsor"), to be used pursuant to Paragraph 12 below. On the first date that is both fifteen (15) days after the date of Entry and thirty five (35) days after the approval by the Philadelphia Air Management Services ("AMS") of Sunoco's 1232 FCCU permit, Sunoco shall send these checks to MAELC and the Fiscal Sponsor, respectively. The Fiscal Sponsor is to maintain an account for CLRTC's funds to ensure that they are only used in a manner consistent with this Consent Judgment ("Fiscal Sponsor's Account").

12. CLRTC may withdraw monies from the Fiscal Sponsor's Account upon demand and without any required approval from the Court, Sunoco, or any other entity, and use the monies as follows:

   a. CLRTC may spend up to eighty thousand dollars ($80,000) to be used towards the purchase of a CEREX Environmental Services air monitoring system equipment and accessories, or their reasonable equivalents (collectively, hereinafter "Monitoring System"). In the event that the Monitoring System purchased by CLRTC costs less than $80,000, the remaining monies shall be credited towards the following year's payment required by Paragraph 13, below.

   b. CLRTC may spend up to $10,000 to be used for (1) the Bucket Brigade for bucket sampling and analysis, (2) costs related to the use of the Monitoring System, and (3) notwithstanding 12(a) above, to assist in the purchase of the Monitoring System.

13. No later than the one year anniversary of the Entry of this Consent Judgment, Sunoco will transfer funds by check to the Fiscal Sponsor sufficient, that when added to the residual from the funds in Paragraph 12(a), if any, to total ten thousand dollars ($10,000) in the Fiscal Sponsor's Account for CLRTC's use for the second year following the date of Entry of

this Consent Judgment. CLRTC may use these funds for (1) the Bucket Brigade for bucket sampling and analysis, and (2) costs related to the use of the Monitoring System.

14.     On or before the second, third, and fourth years' anniversaries of the Entry of the Consent Judgment, Sunoco will transfer by check to the Fiscal Sponsor for CLRTC's use ten thousand dollars ($10,000) per year. CLRTC may use these funds for (1) the Bucket Brigade for bucket sampling and analysis, or (2) costs related to the use of the Monitoring System. During these years CLRTC may, in its discretion, expend more or less than $10,000 a year of the amount in the Fiscal Sponsor's account for these purposes, although any funds remaining in the Fiscal Sponsor's account on the fifth year anniversary of the Consent Judgment are forfeited by CLRTC and shall be returned to Sunoco by CLRTC.

15.     Sunoco will install and operate at the Philadelphia Refinery continuous slip-stream treatment with activated carbon or equivalent technology on the 862 and 867 diethanolamine ("DEA") systems by the next turn around for those DEA systems. Sunoco will provide notification to CLRTC and the Court after this work is complete.

16.     Notwithstanding any pre-existing legal commitments Sunoco has with CLRTC regarding notification, and without intending to affect such legal commitments, Sunoco will provide at meetings of the Community Advisory Panel ("CAP"), of which CLRTC is a member, the Philadelphia Refinery incident reports as provided to AMS regarding flaring or other upset or excessive emission events that occurred after the previous CAP meeting. During CAP meetings CLRTC will have the opportunity to ask Sunoco any questions CLRTC may have regarding these incident reports.

17.     Sunoco will mail to CLRTC the Philadelphia Refinery Root Cause Analysis ("RCA") reports for Acid Gas Flaring, Hydrocarbon Flaring, and Tail Gas Incidents as provided to the United States Environmental Protection Agency, AMS, and the Commonwealth of Pennsylvania Department of Environmental Protection (collectively, "Governments") under Paragraph 53 of the Consent Decree. These RCA reports may be redacted to the extent necessary to protect Sunoco's proprietary information. Sunoco's obligation to mail the RCA

reports accrues when the RCA reports are mailed or otherwise transmitted to the Governments. CLRTC will have the option to send to Sunoco CLRTC's recommendations for improvements to the refinery operations relating to the root cause analysis.

18. CLRTC and its members will Support the Consent Decree and all permit applications related to the Consent Decree, including but not limited to the permit application for the FCCU 1232, that have been filed prior to the Lodging of this Consent Judgment. Support for the purposes of this Consent Judgment means endorsing the Consent Decree and the permit applications to the Court and to the relevant government entities, but does not include any monetary funding or issuance of press releases or press statements.

19. CLRTC and it members will Support permit applications filed Post-Lodging of this Consent Judgment related to work undertaken pursuant to the Consent Decree except to the extent CLRTC believes that (1) Sunoco must, but has not, included as part of that permit application the use of BACT or LAER, or (2) to the extent Sunoco proposed the use of BACT or LAER in such application but CLRTC disagrees that the technology employed or emission rate proposed truly represents the BACT or LAER standard.

20. CLRTC fully releases and covenants not to sue Sunoco for violations of or claims asserted under the Clean Air Act, the Pennsylvania Air Pollution Control Act, and the Philadelphia Air Management Code and regulations promulgated pursuant to those authorities that have been, could have been, or at any time in the future could be asserted against Sunoco for all events that occurred prior to the date of Entry of this Consent Judgment with the following exception: if a Truly Major Event occurs that results in significant air emissions releases at the Philadelphia Refinery between the Lodging of this Consent Judgment and the date of Entry of the Consent Judgment, that Truly Major Event shall not be included in the release. For the purposes of this Consent Judgment, a Truly Major Event is defined as an incident or event which results in a minimum of three tons (6,000 pounds) of criteria pollutants or hydrogen sulfide, or a minimum of 1,000 pounds of hazardous air pollutants.

## REPORTS

21.     All written notification, reports, information and other submissions required by the Consent Judgment shall be submitted in writing and addressed as follows:

**As to Sunoco:**
Sunoco, Inc. (R&M)
Attn: Facility Manager
Philadelphia Refinery
3144 Passyunk Avenue
Philadelphia, PA 19145

**As to CLRTC:**
Community/Labor Refinery Tracking Committee
Attn: Joanne Rossi
117 N. 17th St., Suite 900
Philadelphia, PA 19103

22.     Service of any notice of legal process under this Consent Judgment shall be made by Certified Mail, Return Receipt Requested. Notice shall be deemed to have been given on the date received.

## DISPUTE RESOLUTION

23.     Unless otherwise expressly provided for in this Consent Judgment, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Judgment. The procedures set forth in this Section, however, shall not apply to undisputed matters or to disputes that are not a part of the Consent Judgment.

24.     Any dispute that arises under or with respect to this Consent Judgment shall in the first instance be the subject of informal negotiations between the parties in the dispute. The period for informal negotiations shall not exceed twenty (20) calendar days from the time the dispute arises, unless such informal negotiation period is otherwise modified or extended by written agreement of the parties to the dispute, which written agreement shall be executed by both parties. The dispute shall be considered to have arisen when one party sends the other Party a written Notice of Dispute.

7

25.   If the Parties cannot resolve their dispute within the informal negotiation period specified in Paragraph 24, then the party initiating the dispute shall file a petition with this Court for resolution of the dispute within thirty (30) days after the expiration of the informal negotiation. The petition shall set out the nature of the dispute and the relief requested and shall specifically refer to this paragraph of this Consent Judgment. The remaining party shall have thirty (30) days to file a response to such petition.

26.   The invocation of formal dispute resolution procedures under this Section shall not extend, postpone or affect in any way any obligation of the Parties under this Consent Judgment, unless the opposing Party so agrees or the Court so orders.

## GENERAL PROVISIONS

27.   Costs. With the exception of those fees Sunoco has explicitly agreed to pay CLRTC in Paragraph 11, Sunoco and CLRTC shall generally bear their own costs and attorneys' fees in this action.

28.   Modifications. Any modifications of this Consent Judgment must be in writing and must be signed by the Parties to this Consent Judgment. No Party may petition the Court for modification without having first made a good faith effort to reach agreement with the other Parties on the terms of such modification.

29.   Retention of Jurisdiction. Until termination of this Consent Judgment pursuant to Paragraph 31, *infra*, this Court shall retain jurisdiction to enforce the terms and conditions of this Consent Judgment and to resolve disputes arising hereunder, as may be necessary and appropriate for the construction or execution of this Consent Judgment.

30.   Entire Agreement. This Consent Judgment represents the entire agreement between the Parties. Neither prior drafts of this Consent Judgment, nor correspondence, nor oral discussions shall be used in any action involving the interpretation or enforcement of this Consent Judgment.

31. <u>Termination</u>.  This Consent Judgment shall terminate on the later of (a) four (4) years from the Date of Entry, or (b) the date Sunoco has (1) installed and made operable the continuous slip-stream treatment with activated carbon or equivalent technology on the 862 and 867 DEA systems, and (2) deposited into the Fiscal Sponsor's account all of the payments required by Paragraphs 12 to 14.  Within 30 days after the Termination Date, Sunoco shall file a certificate of completion with the Court and provide a copy to CLRTC.  Any dispute regarding termination shall be addressed pursuant to Paragraphs 24 and 25 of this Consent Judgment.

32. <u>Entry</u>.  Entry of this Consent Judgment is the date on which the Consent Judgment is entered on the Docket of this Court.

**FOR PLAINTIFF:**

_Joanne Rossi_  11-8-05
Joanne Rossi, President                Date
Community/Labor Refinery Tracking Committee

**COUNSEL FOR PLAINTIFF:**

_Michael D. Fiorentino_  11/8/05
Michael D. Fiorentino                Date
Mid-Atlantic Environmental Law Center

**FOR DEFENDANT:**

_James A. Keeler_  11/9/2005
James A. Keeler, Facility Manager   Date
Sunoco, Inc. (R & M)

**COUNSEL FOR DEFENDANT:**

_Thomas S. Stammel_  11/4/05
Thomas S. Stammel                Date
Sunoco, Inc. (R & M)